IN THE STATE OF OKLAHOMA
COUNTY OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUL 23 2021

RICK WARREN
COURT CLERK
112

| | |
|---|---|
| NAKIA JOHNSON, an individual, | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| NATIONAL BASKETBALL ASSOCIATION, OKLAHOMA CITY THUNDER BASKETBALL, FANATICS RETAIL GROUP, JOZSEF SZENDREI, JOMA USA SPORTING GOODS, OKLAHOMA CITY NATIONAL MEMORIAL MARATHON FOUNDATION, TEEPUBLIC, EBAY, INC., AMAZON.COM, INC., ETSY, INC., SKREENED, CAROLINATHREADZ, WISH, NEIGHBOURHOOD TEES, SHAMBLES TEES, SMASH TRANSIT, SPACELAB SHIRTS, ECRATER MARKETPLACE, RED COYOTE LLC | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

CJ-2021-3112

**PLAINTIFF'S PETITION for TRADEMARK DECLARATION, DAMAGES and other Relief Under Trademark Statutes, Common Law & State Law**
<u>APPLICATION FOR TEMPORARY INJUNCTION</u>

COMES NOW Nakia Johnson, Plaintiff and files this PETITION and Application for Temporary Injunction against Defendants National Basketball Association (hereinafter "NBA"), Oklahoma City Thunder Basketball (hereinafter "OKC Thunder"), Fanatics Retail Group (hereinafter "Fanatics"), Jozsef Szendrei (hereinafter "Szendrei"), Joma USA Sporting Goods (hereinafter "Joma"), Oklahoma City National Memorial Marathon Foundation (hereinafter "OKC Marathon"), Red Coyote LLC ("Red Coyote") TeePublic, Ebay, Inc. (hereinafter "Ebay"), Amazon.com, Inc. (hereinafter "Amazon"), Etsy, Inc. (hereinafter "Etsy"), Skreened, CarolinaThreadz, Wish, Neighbourhood Tees (hereinafter "Neighbourhood"), Shambles Tees (hereinafter "Shambles"), Smash Transit (hereinafter "Smash"), SpaceLab Shirts (hereinafter "SpaceLab"), and eCrater Marketplace (hereinafter "eCrater") to recover legal and equitable relief for Defendants' violation of Plaintiff's United States common law & Trademark and Copyrights.

**PARTIES AND JURISDICTION**

1. Plaintiff, Nakia Johnson, is an Oklahoma resident, doing business in Oklahoma County,

1

Oklahoma.

2. Defendant, National Basketball Association (hereinafter "NBA"), is a national association with its service agent in New York.

3. Defendant, Oklahoma City Thunder Basketball (hereinafter "OKC Thunder"), is a legal entity with its principal place of business in Oklahoma County, Oklahoma.

4. Defendant, Fanatics Retail Group (hereinafter "Fanatics") is a company with its principal place of business in Jacksonville, Florida.

5. Defendant, Jozsef Szendrei (hereinafter "Szendrei") is an individual whose principal place of business is in Cleveland County, Oklahoma

6. Defendant Joma USA Sporting Goods (hereinafter "Joma") is a company with its principal place of business in Miami, Florida.

7. Defendant Red Coyote LLC (or other entity as "Red Coyote") is a company with its principal location in Oklahoma.

8. Defendant Oklahoma City National Memorial Marathon Foundation (hereinafter "OKC Marathon") is a non-profit organization in Oklahoma County, Oklahoma.

9. Defendant Tee Public, is a company with its principal place of business in New York, New York.

10. Defendant Ebay, Inc. (hereinafter "Ebay"), is a company with its principal place of business in San Jose, California.

11. Defendant Amazon.com, Inc. (hereinafter "Amazon"), is a company with its principal place of business in Seattle, Washington.

12. Defendant Etsy, Inc. (hereinafter "Etsy"), is a company with its principal place of business in Brooklyn, New York.

13. Defendant Skreened, is a company with its principal place of business in New York, New York and Columbus, Ohio.,

14. Defendant CarolinaThreadz, , is a company with its principal place of business in unknown but has an interstate presence online and can be served here.

15. Defendant Wish is a company with its principal place of business in San Francisco, California.

16. Defendant Neighborhood or Neighbourhood Tees (hereinafter "Neighbourhood") is a company with its principal place of business unknown but has an internet presence and can be served here.

17. Defendant Shambles Tees (hereinafter "Shambles") is a company with its principal place of business in the USA and venue due to its marketing is proper in Oklahoma.

18. Defendant Smash Transit (hereinafter "Smash") is a company with its principal place of business in the United States, with significant .

19. Defendant SpaceLab Shirts (hereinafter "SpaceLab") is a company with its principal place of business in Charlotte, North Carolina, and

20. Defendant eCrater Marketplace (hereinafter "eCrater") is a company with its principal place of business in Irving, California.

21. The claims alleged herein occurred and are continuing in Oklahoma County, Oklahoma and pertain to violations of trademarks situated in Oklahoma County, State of Oklahoma.

## FACTS COMMON TO ALL CLAIMS

22. Plaintiff's Certificate of Registration for RUN OKC became effective on August 8, 2010. Further written claim through also filing for a copyright was made August 8, 2013 after use for 3 years.

23. Plaintiff, doing business as RUN OKC, created and marketed RUN OKC and RUNOKC as a trademark ("Mark") previous to that registration.

24. The exclusive right to a trademark belongs to the one who first uses it in connection with specified goods and Plaintiff created and first used the Mark.

25. After being asked to cease and desist from using RUN OKC, Defendants have failed to do so, and after demand Oklahoma Memorial falsely filed for a Trademark using the Trademark established by Plaintiff to attempt to take by deceptive and abuse of legal means to circumvent Rights of Plaintiff and failed to notify or challenge the claims of Plaintiff despite Defendants' prior knowledge of same. It is believed that Oklahoma Memorial licensed the Mark to others, fully knowing Plaintiff was the Owner.

26. Use by the Defendants have caused public to be misled use in defiance of prior use and claims by Plaintiff.

## CAUSES OF ACTION

## COUNT 1

## COPYRIGHT INFRINGEMENT

27. Plaintiffs incorporate paragraphs 1 through 24 by reference as is fully set forth herein.

28. Defendants have infringed upon Plaintiff's copyrights by using RUN OKC without authorization, in order to profit.

29. Defendants' copyright infringements were committed willfully.

3

30. Defendants' copyright infringements were committed intentionally.

31. Defendants' copyright infringements were committed with malicious disregard for Plaintiff's rights n the copyrighted materials.

32. Plaintiff has sustained actual and material damages as a result of Defendants' copyright infringements.

## COUNT 2
### TRADEMARK INFRINGEMENT DECLARATORY JUDGMENT

33. Plaintiffs incorporate paragraphs 1 through 29 by reference as is fully set forth herein.

34. Defendants have infringed upon Plaintiff's trademarks by using RUN OKC without authorization, in order to advertise and/or promote their products. Memorial improperly claimed through the trademark registry Plaintiff's trademarks when it applied to purloin it from Plaintiff.

35. Defendants have prepared advertising material based upon the name RUN OKC in violation of trademark rights of Plaintiff.

36. Defendants have caused other persons, true names unknown, to prepare advertising or promotional items based upon the name RUN OKC.

37. Defendants have distributed or caused to be distributed advertising material based on the name RUN OKC.

38. Without limitations to other distribution methods or occurrences, Defendants have employed the internet to distribute advertising material based upon the name RUN OKC.

39. Defendants' trademark infringements were committed willfully.

40. Defendants' trademark infringements were committed intentionally.

41. Defendants' trademark infringements were committed with malicious disregard for Plaintiff's rights in the trademarked (and copyrighted) materials.

42. Plaintiff has sustained actual and material damages as a result of Defendants' trademark infringements.

## CONCLUSION AND PRAYER

**WHEREFORE,** Plaintiff requests that the Court enter declaratory judgment in his favor and against the Defendants, jointly and severally, as follows:

1. Plaintiff requests the Court enjoin the Defendants pursuant to Oklahoma laws 78 O.S. 1971 § 21 et seq. (trademark registration); 78 O.S. 1971 § 51 et seq. (Oklahoma Deceptive Trade Practices Act); and 18 O.S. 1971 § 1.11 (prohibiting incorporation under a name deceptively similar to another); and also

15 U.S. Code § 1111 et seq. and case law; 17 U.S.C. §502 from all current and future infringements of the Plaintiff's trademarks and copyrights, curing the rights of before and during pendency of this action and permanently.

2. Plaintiff further requests the Court to order, pursuant to common law and authority of 15 USC §1111 et seq.; 15 U.S. Code § 1114; and 17 U.S.C. §503, the impoundment and/or destruction of all infringing materials in the possession or control of the Defendants that have been made or used in violation of Plaintiff's exclusive rights to RUN OKC and all means by which such infringing materials may be produced.

3. Plaintiff further requests the Court to award the Plaintiff, pursuant to law all damages from the Defendants for each separate occurrence of the Defendants' infringements on Plaintiff's trademark and copyright, such damages to be assessed according to the evidence, at the greater of: (a) Plaintiff's losses by requiring all defendants to provide an accounting and pay to Plaintiff all actual damages and all additional profits received by the Defendants from each of their particular infringements; or (b) statutory damages at the maximum amounts permitted by law for each infringement and willful infringement on Plaintiff's copyrights, or otherwise, as elected by the Plaintiff or permitted by applicable law.

4. Plaintiff further requests the Court to award the Plaintiff, pursuant to law all damages from the Defendants for each separate occurrence of the Defendants' infringements on Plaintiff's trademarks, such damages to be assessed according to the evidence, at the greater of: (a) Plaintiff's actual damages and all additional profits received by the Defendants from each particular infringements; or (b) statutory damages at the maximum amounts permitted by law for each infringement and willful infringement on Plaintiff's trademarks, or otherwise, as elected by the Plaintiff or permitted by applicable law.

5. Plaintiff further requests the Court to award Plaintiff his reasonable attorney fees and costs for this action and for other and further relief as is equitable and just.

Respectfully submitted,

TIM MCCOY, OK Bar No. 10888
MCCOY LAW FIRM
3801 NW 63rd Street Building 4 Suite 200
Oklahoma City, OK 73116
tim@timmccoylawfirm.com
(405) 319-0000 (Telephone)
(866) 697-2012 (Facsimile)
**ATTORNEY FOR PLAINTIFF**

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

AFFIDAVIT ATTACHED:

6

## AFFIDAVIT OF NAKIA A. JOHNSON (AFFIANT)

STATE OF OKLAHOMA            )
                             ) ss:
COUNTY OF OKLAHOMA           )

I, Nakia A. Johnson, being of lawful age and duly sworn, upon oath state:

1. I am the creator of the trademark Run OKC and RunOKC. The statements in the foregoing are true and correct to the best of my knowledge and belief.
2. I established in 2010 this trademark by producing goods and filing for copyright.
3. I established a website, facebook page, and merchandise using such Mark in use from 2010 through the present time.
4. I attended by purchasing marketing space in the Oklahoma City Memorial Run 2015, 2017 or 2018 and 2019 selling and using my mark on my products.
5. I saw that at the Oklahoma Marathon run by the Bombing Memorial that the Memorial was using and claiming the Mark by using it on multiple objects after 2016, despite having been told I claimed the trademark and associated copyrights.
6. I served a Cease & Desist letter; then discovered later that the Memorial tried to do an end-run by filing a Mark and with full knowledge I claimed the Mark and failed to notify me of their challenge to my owned Mark.
7. They never contacted me or engage to negotiate a settlement or settlement even after notice and cease and desist, but instead filed falsely, and I have had to file suit.

Further Affiant sayeth naught.

_____
Nakia A. Johnson

Subscribed and Sworn to by Affiant before me this 20th day of July, 2021.

_____
Notary Public

[SEAL]

My Commission Expires:
08/28/24

My Commission Number:
#20010588

1



Case 5:22-cv-00860-J   Document 1-2   Filed 09/29/22   Page 9 of 13



**Nakia Keymanj Johnson** is with Tony Franchise.
July 26, 2013

Check out our website get the new RUN OKC! T-SHIRTS BLACK OR RED YOU CHOOSE...
www.picturitdesigns.com
Let's Go...coming soon to Metro shoe warehouse!!

15    2 Comments  6 Shares

Like    Comment    Share

TaMecca Dansby Guess What? I saw your Website! LMBO #lets go



OKLAHOMA CITY MEMORIAL MARATHON

DATE: April 6, 2015
INVOICE #: 5000
FOR: Expo Booth(s)

Bill To:
Pictur-it Custom Designs & Apparel, LLC
Nakia Johnson
P.O. Box 428
Spencer, OK 73084

| DESCRIPTION | AMOUNT |
|---|---|
| 1 10x10 Aisle Booth | $ 1,000.00 |

TOTAL

$ 1,000.00

All payments due within 2 weeks of Invoice date.
Make all checks payable to Oklahoma City Memorial Marathon.
Please mail payment to:
Oklahoma City Memorial Marathon
C/O OU Physicians
Kelli Hayward
1200 Children's Ave., Suite 3200
Oklahoma City, OK 73104
405.271.3322, option 5

**Credit Card Payment:**

Card Type __Visa__

Credit Card Number __4427426620693493__   Date _____   01/17 Expiration

Name as it appears on Card __Nakia A Johnson__   The

Security Code (3 digit code) __177__

THANK YOU!

## 2018 Oklahoma City Memorial Marathon Health & Fitness Expo
### Exhibit Space Agreement (the "Agreement")

**Organizer:** Oklahoma City National Memorial Foundation, an Oklahoma not for profit corporation (the "Memorial" or "us").

**Exhibitor Information:**

Company: *Pictur-It Custom designs + Apparel*
Street 1: *8963 N.E. 12th ST*
Street 2:
City: *Midwest city*
State/Province: *Oklahoma*
Zip Code: *73110*
Main Contact: *Nakia Johnson*
Email Address: *Keyman;32@Gmail.com*
Phone Number: *405-535-0268*
Web Address: *www.picturitdesigns.com*

The Company is sometimes referred to in this Agreement as "Exhibitor" or "you."

### AGREEMENTS

The Memorial and the Exhibitor agree as follows:

1. **Payment/Cancellation Policy.** Your application will be reviewed by the Memorial, and if accepted by the Memorial, you MUST sign this Agreement and deliver it to the designated representative of the Memorial as set forth on the signature page to this Agreement. You will be required to pay your rental fee to the Memorial via our online system, Booth Boss. This Agreement is not valid and effective until (a) an authorized representative of the Memorial approves and accepts your application and this Agreement, (b) you sign and deliver this Agreement to the designated representative of the Memorial as set forth on the signature page to this Agreement, and (c) your full payment is received by the Memorial. All cancellations must be requested by you in writing to the Memorial, with such requests to be sent to the designated representative of the Memorial at the following email address: kelli-haywardwalsh@ouhsc.edu. If you cancel in writing before March 31, 2018, you will forfeit 25% of your rental fee as liquidated damages. There will be NO REFUNDS for any cancellations by you after April 1, 2018; in such case, 100% of your rental fee will be kept by the Memorial as liquidated damages. In the event you fail to make payment as aforesaid or fail to comply in any respect with the terms of this Agreement, the Memorial reserves the right to cancel this Agreement without notice and all rights of Exhibitor hereunder shall cease and terminate. Any payment made by Exhibitor on account hereof will be retained by the Memorial as liquidated damages for breach of contract and the Memorial may thereupon rent said exhibition space to another exhibitor.

2. **Exhibition Booth Space.** A single exhibition booth space consists of a 10' x 10' area and includes a background structure, one exhibitor sign, two chairs and one 8' table. Additional exhibition booth furnishings are available upon request at an extra charge. Exhibition booth space assignments will be made by the Memorial in its sole discretion based on space requirements, products being exhibited, the date your application is received and approved, and the date you sign and deliver the Agreement to the Memorial, and the date your payment for the rental fee is made to the Memorial. As well, assignments are made considering the overall best interest of the Expo show. Exhibits shall be arranged so they will not obstruct the walkways for general view and will not hide other exhibits. Any specially-built displays you intend to use at the Expo must be approved by the Memorial in writing. Your plans for specially-built

From: nakia johnson <keymanj@hotmail.com>
Subject: RUN OKC (size run down). T-SHIRTS
Date: November 2, 2010 10:46:55 AM CDT
To: <art@reflectiveedge.com>

MENS
S-1 –
L-7 –
XL-8 – G|c
2X-8 – G|c
3X-5 –
= 29

WOMANS
S-6 –
M-4 –
L-5 –
XL-6 – GV
2X-3 –
= 24

TOTAL shirts 53

2-color Bars are Red
THE TEXT is white

Back Tag – Pictur-it Custom Designs and Apparel
White