# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NAKIA JOHNSON, an individual,           )<br>                                                                )<br>       Plaintiff,                                         )<br>                                                                )       Case No. CIV-22-860-J<br>v.                                                            )<br>                                                                )<br>NATIONAL BASKETBALL ASSOCIATION, )<br>et al.                                                        )<br>                                                                )<br>       Defendants.                                    )  | |

## DEFENDANT OKLAHOMA CITY NATIONAL MEMORIAL FOUNDATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Oklahoma City National Memorial Foundation (the "Foundation")[1], by and through its undersigned counsel, hereby answers Plaintiff Nakia Johnson's ("Mr. Johnson") Petition (the "Complaint"), which Complaint and action initiated by the same have been removed by the Foundation from the District Court in and for Oklahoma County, State of Oklahoma to this Court. The Foundation denies each and every allegation in the Complaint not expressly admitted below. To the extent any factual allegation is admitted, said admission is inapplicable to any purported conclusions, implication, inferences or speculations that Mr. Johnson contends follow from such facts.

---

[1] The Complaint incorrectly identifies the Foundation as the "Oklahoma City National Memorial Marathon Foundation."

## Parties and Jurisdiction

1.  The Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies each and every allegation contained therein.

2.  This Paragraph is not directed to the Foundation and the Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2; therefore, the Foundation denies each and every allegation contained therein.

3.  This Paragraph is not directed to the Foundation and the Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3; therefore, the Foundation denies each and every allegation contained therein.

4.  This Paragraph is not directed to the Foundation and the Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4; therefore, the Foundation denies each and every allegation contained therein.

5.  This Paragraph is not directed to the Foundation and the Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5; therefore, the Foundation denies each and every allegation contained therein.

6.  This Paragraph is not directed to the Foundation and the Foundation is without knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 6; therefore, the Foundation denies each and every allegation contained therein.

7. This Paragraph is not directed to the Foundation and the Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7; therefore, the Foundation denies each and every allegation contained therein.

8. Admitted.

9. This Paragraph is not directed to the Foundation and the Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9; therefore, the Foundation denies each and every allegation contained therein.

10. This Paragraph is not directed to the Foundation and the Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10; therefore, the Foundation denies each and every allegation contained therein.

11. This Paragraph is not directed to the Foundation and the Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11; therefore, the Foundation denies each and every allegation contained therein.

12. This Paragraph is not directed to the Foundation and the Foundation is without knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 12; therefore, the Foundation denies each and every allegation contained therein.

13. This Paragraph is not directed to the Foundation and the Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13; therefore, the Foundation denies each and every allegation contained therein.

14. This Paragraph is not directed to the Foundation and the Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14; therefore, the Foundation denies each and every allegation contained therein.

15. This Paragraph is not directed to the Foundation and the Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15; therefore, the Foundation denies each and every allegation contained therein.

16. This Paragraph is not directed to the Foundation and the Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16; therefore, the Foundation denies each and every allegation contained therein.

17. This Paragraph is not directed to the Foundation and the Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17; therefore, the Foundation denies each and every allegation contained therein.

18. This Paragraph is not directed to the Foundation and the Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18; therefore, the Foundation denies each and every allegation contained therein.

19. This Paragraph is not directed to the Foundation and the Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19; therefore, the Foundation denies each and every allegation contained therein.

20. This Paragraph is not directed to the Foundation and the Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20; therefore, the Foundation denies each and every allegation contained therein.

21. Paragraph 21 contains conclusions of law to which no answer is required. To the extent an answer is required, the Foundation admits that the Complaint purports to state a claim for trademark infringement, but denies that Mr. Johnson is entitled to any relief whatsoever with regard to the allegations against the Foundation.

**Alleged Facts Common to All Claims**

22. Mr. Johnson does not clarify what "Certificate of Registration" or "[f]urther written claim" is referred to in this Paragraph and the Foundation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22; therefore, the Foundation denies each and every allegation contained therein.

23. Denied.

24. Paragraph 24, at least in part, contains conclusions of law to which no answer is required. To the extent an answer is required, the Foundation admits that certain trademark rights may arise through use. The remaining allegations in this Paragraph are denied.

25. The Foundation admits that Mr. Johnson, through prior counsel, demanded that the Foundation cease and desist certain infringement of alleged copyright. The Foundation further admits that it applied for and was granted a registration on the Supplemental Register for RUN OKC by the United States Patent and Trademark Office, specifically, U.S. Reg. No. 5,910,679, which speaks for itself. The remaining allegations in this Paragraph are denied.

26. Denied.

## CAUSES OF ACTION
## COUNT I
## ALLEGED COPYRIGHT INFRINGEMENT

27. The Foundation re-alleges its answers to Paragraphs 1 through 26 as if fully set forth herein.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## COUNT II
## ALLEGED TRADEMARK INFRINGEMENT DECLARATORY JUDGMENT

33. The Foundation re-alleges its answers to Paragraphs 1 through 32 as if fully set forth herein.

34. Denied.

35. Denied.

36. The Foundation admits that it has had items created bearing RUN OKC; however, the Foundation denies any wrongdoing or liability as a result of the same.

37. The Foundation admits that it has had items bearing RUN OKC distributed; however, the Foundation denies any wrongdoing or liability as a result of the same.

38. The Foundation admits that it has had items bearing RUN OKC distributed online; however, the Foundation denies any wrongdoing or liability as a result of the same.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## RESPONSE TO CONCLUSION AND PRAYER

The Foundation denies that Mr. Johnson is entitled to any relief sought by and through his Complaint, including but not limited to the relief requested in Mr. Johnson's Conclusion and Prayer. The Foundation also denies any allegation made within the attachments to the Complaint as being incorrect or due to insufficient knowledge, as well

as any insinuation of wrongdoing therein. The Foundation also denies that the Complaint is sufficient, in and of itself, to warrant injunctive or declaratory relief against the Foundation as insinuated by the title of the Complaint, and that further briefing and/or discovery is required for such relief to the extent sought by Mr. Johnson.

## AFFIRMATIVE & ADDITIONAL DEFENSES

No relief against the Foundation is proper and any allegation expressed or implied by Mr. Johnson not specifically admitted in this Answer is denied. Further answering and responding to the Complaint, the Foundation identifies the following defenses, but does not assume any burden of persuasion which is not required by applicable law:

1. With respect to one or more of Mr. Johnson's claims, Mr. Johnson has failed to state a claim upon which relief may be granted.

2. Mr. Johnson is not entitled to an award of attorney's fees or other costs.

3. Mr. Johnson' claims are barred because he cannot establish one or more of the elements of his claims.

4. Mr. Johnson's claims are barred, in whole or in part, because the Foundation does not infringe and has not infringed any trademark or copyright of Mr. Johnson's.

5. Mr. Johnson's trademark claims are preempted by the Copyright Act and/or do not fall within the ambit of the Lanham Act or corollary state law.

6. Mr. Johnson's claims are barred by reason of estoppel, waiver, acquiescence or laches.

7. Mr. Johnson's claims are barred by reason of unclean hands.

8. Mr. Johnson' claims are barred by the applicable statute of limitation.

9. The works at issue are not subject to copyright protection and/or the elements Mr. Johnson claims are infringed are not subject to copyright protection.

10. Mr. Johnson's claims are barred, in whole or in part, because his purported copyright is invalid or unenforceable.

11. Mr. Johnson's claims are barred, in whole or in part, because his purported trademark rights are invalid or unenforceable.

12. What Mr. Johnson contends to be copyright infringement constitutes lawful fair use.

13. What Mr. Johnson contends to be trademark infringement constitutes lawful fair use.

14. The phrase RUN OKC is descriptive or generic or not otherwise entitled to trademark protection as Mr. Johnson alleges.

15. The marketing and advertising attributed to the Foundation for alleged trademark infringement is not likely to confuse or deceive the pertinent consuming public.

16. Mr. Johnson has not been, nor is likely to be, injured by the acts complained of within the Complaint.

17. Mr. Johnson cannot show the requisite mental state or level of conduct for willful infringement or to be awarded exemplary and/or punitive damages, and any such imposition of exemplary and/or punitive damages would violate the United States Constitution.

18. Mr. Johnson's claims are a misuse of its purported copyright and/or trademark rights.

19. Mr. Johnson has no protectable rights in or to RUN OKC.

20. Mr. Johnson' claims are barred because Mr. Johnson has suffered no damages or, alternatively, any harm or losses suffered by Mr. Johnson was not caused by the Foundation.

21. The requested injunctive relief is barred, in whole or in part, because Mr. Johnson has no irreparable injury.

22. Mr. Johnson's claims are barred, in whole or in part, by first sale doctrine as codified at 17 U.S.C. §109(a)

23. Mr. Johnson is seeking to recover more than he is entitled to recover in this case, and any damages awarded to Mr. Johnson would unjustly enrich Mr. Johnson.

The Foundation reserves the right to assert additional and/or amend this Answer and its defenses as litigation and discovery in this matter continues.

*s/Zachary A.P. Oubre*
Zachary A.P. Oubre, OBA #30666
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK  73102
Telephone:   (405) 235-9621
Facsimile:   (405) 235-0439
zach.oubre@mcafeetaft.com
**ATTORNEYS FOR DEFENDANT OKLAHOMA CITY NATIONAL MEMORIAL FOUNDATION**

## CERTIFICATE OF SERVICE

  I hereby certify that on the 6th day of October, 2022, I mailed a true and correct copy of the foregoing to the address below and electronically transmitted the foregoing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants.

Tim McCoy
McCoy Law Firm
3801 NW 63rd St., Bldg 4, Ste. 200
Oklahoma City, OK 73116
(405) 319-0000
(866) 697-2012 (fax)
tim@timmccoylawfirm.com
Attorney for Plaintiff

              *s/Zachary A.P. Oubre*